UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
DARIUS BURRIS,

                       Plaintiff,

           - against -

NASSAU COUNTY POLICE
DEPARTMENT, *et al.*,

                       Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
2:25-CV-4271 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

On July 30, 2025, *pro se* Plaintiff Darius Burris ("Plaintiff" or "Burris"), detained at Nassau County Correctional Facility, filed this *pro se* civil rights action asserting claims related to his May 27, 2024 arrest and medical treatment in Nassau County University Medical Center ("NCUMC"). Plaintiff requests to waive the filing fee and proceed *in forma pauperis* ("IFP"), (IFP Mot., Dkt. 2; *see also* Prisoner Authorization Form, Dkt. 6), which the Court grants pursuant to 28 U.S.C. § 1915. He names as Defendants[1] the Nassau County Police Department ("NCPD"), the County of Nassau ("the County"), the Nassau County DA Anne Donnelly ("DA Donnelly"), NCPD John Doe Officer #1 ("Officer 1"), NCPD John Doe Officer #2 ("Officer 2"), NCPD Lieutenant John Doe (the "Lieutenant"), ADA Kristen Fexas ("ADA Fexas"), and Edward G. Maley ("Investigator Maley"), an investigator with the Nassau County District Attorney's Office ("NCDA") (collectively, "Defendants"). For the reasons set forth below, Plaintiff's claims against

---

[1] Defendants' names and titles are taken from the caption and body of the Complaint. (Compl., Dkt. 1.) The Court takes judicial notice of several County Defendants' full names, including Nassau County District Attorney ("DA") Anne Donnelly and Nassau County Assistant District Attorney ("ADA") Kristen Fexas. *Stewart v. City of New York*, No. 10-CV-5628 (RJS), 2011 WL 1532007, at *1 n.1 (S.D.N.Y. Apr. 18, 2011).

Defendants NCPD, the County, DA Donnelly, ADA Fexas, and Investigator Maley are dismissed *sua sponte*; Plaintiff's claims against Officer 1, Officer 2, and the Lieutenant, all of whom were involved in the alleged excessive use of force, will proceed.

## BACKGROUND

Plaintiff's statement of claim is brief, and it is sometimes difficult to ascertain the order of events and the alleged responsible party. From what the Court can ascertain, Plaintiff alleges that during his arrest and detention by the NCPD on May 27, 2024, he was subjected to excessive force by NCPD officers at NCUMC and the NCPD headquarters. (Compl., Dkt. 1, at 3–4.) Plaintiff alleges that Officer 1 and Officer 2 used "unnecessary . . . force" against Plaintiff while he was "handcuffed to a bed in the emergency room" at NCUMC. (*Id.* at 4.) He further alleges that he "was subdued to the bed and [his] injured left hand was handcuffed against medical advice," and that Officer 1 and Officer 2 "dictated" his "medical treatment." (*Id.*) Plaintiff alleges that he was "not properly treated by hospital employe[e]s," "drag[g]ed from the hospital" by Officer 1 and Officer 2, "viciously placed" in the police car with "his left hand . . . maliciously cuffed [e]xtra tight" and "transported back to [NCPD] headquarters." (*Id.*) When he requested medical treatment at NCPD headquarters, the Lieutenant "ordered [Plaintiff] extracted from the holding cell" and "excessive force was used by [the Lieutenant] where [Plaintiff] was violently handcuffed and placed in [a] car." (*Id.*) Plaintiff asserts that he "had to have tendon transplant surgery as a result of the [unnecessary use of force.]" (*Id.*) Plaintiff seeks $1 million in damages, the "proper training [of] officers" to "not interfere[e]" with the medical treatment of detainees, and "accountability" from DA Donnelly. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff

2

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although courts assume all allegations in the complaint to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, courts must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by an incarcerated person against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, a district court must dismiss an IFP action if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The Court construes Plaintiff's allegations as claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), as Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To sustain a claim brought under Section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Cornejo*, 592 F.3d at 127 (quoting *Pitchell v. Callan*,

3

13 F.3d 545, 547 (2d Cir. 1994)). Plaintiff asserts claims of excessive use of force, which the Court evaluates under the Eighth Amendment. (*See* Compl., Dkt. 1); *Jimenez v. Lashley*, No. 23-CV-628 (NSR), 2024 WL 4932554, at *2 (S.D.N.Y. Dec. 2, 2024).

### I. Claim against the NCPD

Plaintiff's Section 1983 claim against the NCPD fails because the NCPD does not have an independent legal identity that can be sued. *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing Section 1983 claim brought against a municipal police department because, "under New York law, [such] departments . . . do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"); *see London v. Nassau Cty. Corr. Facility*, No. 20-CV-1991 (JS) (AKT), 2020 WL 5052688, at *3 (E.D.N.Y. Aug. 27, 2020) (dismissing Section 1983 claim against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); *Melendez v. Nassau Cnty.*, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sep. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued). Thus, Plaintiff's Section 1983 claim against the NCPD is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

### II. Claim against the County

A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy, or practice. *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 690–91 (1978); *Melendez*, 2010 WL 3748743, at *5 (dismissing Section 1983 claim against county where plaintiff failed to include allegations "concerning an underlying municipal policy or custom that deprived [plaintiff] of a constitutional right"). Plaintiff does not allege, and nothing in his Complaint suggests, that any of the alleged wrongful acts or omissions on the part

4

of any County employee are attributable to a municipal policy or custom and that such policy caused him to sustain a constitutional deprivation. Therefore, Plaintiff has not made the required showing to confer *Monell* liability on the County, and Plaintiff's Section 1983 claim against the County is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

### III. DA Donnelly and ADA Fexas

Plaintiff's claims against DA Donnelly and ADA Fexas must also fail. "[A] defendant in a [Section] 1983 action may not be held liable for damages for constitutional violations merely because [she] held a high position of authority." *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir. 1996). Rather, "a plaintiff must show, *inter alia,* the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *see, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and [Section] 1983 suits, the plaintiff . . . must plead that each Government-official defendant, through [her] own individual actions, has violated the Constitution." (internal citation omitted)).

Here, Plaintiff names DA Donnelly and ADA Fexas as Defendants in their official capacities but fails to allege that either was personally involved in the alleged deprivation of his civil rights. In fact, the NCDA, which DA Donnelly heads, is referenced only in the remedy section of the Complaint, which asks that NCDA "not cover up and take accountability." (Compl. Dkt, 1, at 5.) Even if DA Donnelly or ADA Fexas were personally involved in the events underpinning Plaintiff's Complaint, Plaintiff's claim for monetary damages against either in their official capacity is barred by the Eleventh Amendment doctrine of sovereign immunity. *See Amaker v. N.Y. State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (holding that a district attorney and an assistant district attorney "benefited from New York's Eleventh Amendment immunity against suit" because they were sued in their official capacities (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993)). Because Plaintiff has not

5

sufficiently pleaded DA Donnelly's or ADA Fexas's personal involvement, and because DA Donnelly and ADA Fexas are immune from suit, Plaintiff's claims against them are dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); 28 U.S.C § 1915A.

### IV. Investigator Maley

Finally, Plaintiff also names Investigator Maley as a Defendant. According to the Complaint, Investigator Maley appears to be a "Det[ective] Investigator" with the NCDA.[2] The Complaint includes no mention of Investigator Maley's involvement in the events underlying the claims. Because Plaintiff has not sufficiently pleaded Investigator Maley's personal involvement, and because even if Investigator Maley had been personally involved, he would similarly be immune from suit, the claim against him is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); 28 U.S.C § 1915A.

### CONCLUSION

Accordingly, Plaintiff's Section 1983 claims against the County, NCPD, DA Donnelly, ADA Fexas, and Investigator Maley are dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii). No summons shall issue as to these Defendants, and the Clerk of Court is directed to correct the caption to reflect their dismissal. The Clerk of Court is also respectfully requested to correct the Court's docket to reflect the name inclusion of Anne Donnelly as Defendant Nassau County District Attorney and the name change of Defendant "Kris Fexas" to "Kristen Fexas."

Plaintiff's Section 1983 claims shall proceed against the remaining Defendants, Officer 1, Officer 2, and the Lieutenant who were present at the NCPD Headquarters and involved in

---

[2] Plaintiff includes as Investigator Maley's address "272 Old County Road, Mineola," which is the NCDA's location. (Compl., Dkt. 1, at 3.)

Plaintiff's May 27, 2024 arrest. The Court requests that NCDA ascertain the full name and service address of these defendants. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*). Once this information is provided, Plaintiff's Complaint shall be deemed amended to reflect the full name and badge number of these officers, a summons shall issue, and the Court shall direct service on these remaining Defendants. NCDA need not undertake to defend or indemnify these individuals merely because of the issuance of this Order, which provides a means by which Plaintiff may properly serve the remaining Defendants.

The case is referred to the Honorable Arlene R. Lindsay, United States Magistrate Judge, for pretrial supervision. The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to NCDA and note the mailings on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 3, 2025
       Brooklyn, New York