UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DARIUS BURRIS,

Plaintiff,

- against -

NASSAU COUNTY POLICE DEPARTMENT, *et al.*,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-4271 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

Plaintiff Darius Burris, proceeding *pro se*, has filed an Amended Complaint, (Dkt. 19), in which he describes the factual circumstances underlying his claims against Defendant Nassau County Police Department and various unidentified police officers in that department. Plaintiff separately brings claims against attorney Joseph LoPiccolo.

## I. Claims Against Defendant LoPiccolo

The Court *sua sponte* dismisses Plaintiff's claims against Defendant Joseph LoPiccolo, whom Plaintiff alleges represented him in "local Criminal Court." (Dkt. 19, at ECF[1] 4.) Plaintiff alleges that Defendant LoPiccolo (1) failed to allow the assistant district attorney to speak directly to Plaintiff about Plaintiff's claims against police officers for excessive force unrelated to the underlying criminal prosecution, (2) "forc[ed]" Plaintiff's "Criminal matter to Trial" and did not seek "the best outcome in the Criminal Case," and (3) "failed to allow" Plaintiff to accept a "Plea of Local-Jail time of a[] Non-Felony plea agreement that was offered to [ ] Plaintiff" at a prior point in the prosecution. (*Id.* at ECF 4–7.)

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Regardless of how Plaintiff styles these objections to his attorney's actions, these are in essence claims for legal malpractice. *See, e.g.*, *Assifuah v. Cohen*, No. 20-CV-5050 (AT), 2022 WL 7049776, at *3 (S.D.N.Y. Oct. 12, 2022) (finding that plaintiff's "causes of action for fraud by concealment and suppression, breach of fiduciary duty, and malpractice all arise out of the same course of conduct and facts—namely, [the defense attorneys'] representation of [p]laintiff in his criminal case" and that these other claims were duplicative of a malpractice claim). However, "[t]o state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, [a p]laintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Id.* Here, Plaintiff has not done so. Neither can Plaintiff bring a claim against his criminal defense attorney Joseph LoPiccolo under 42 U.S.C. § 1983 ("Section 1983") as such private attorneys are not state actors suable under Section 1983. *See Murdock v. Legal Aid Soc'y*, No. 14-CV-0508 (JS) (SIL), 2015 WL 94245, at *2 (E.D.N.Y. Jan. 6, 2015) (concluding that "[p]laintiff's Section 1983 claims against his former defense attorneys fail[ed] as a matter of law because they are not state actors" since "[i]t is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel").

Furthermore, the Court lacks jurisdiction over any state law malpractice claims against LoPiccolo as diversity jurisdiction appears lacking. Plaintiff has not pleaded citizenship of himself or LoPiccolo, but it appears both Plaintiff and LoPiccolo are citizens of New York such that subject-matter jurisdiction under 28 U.S.C. § 1332 is lacking. Neither is the claim sufficiently related to Plaintiff's core federal claims against the Nassau County police officers sufficient to confer subject-matter jurisdiction under 28 U.S.C. § 1367.

Accordingly, the claims against LoPiccolo are dismissed without prejudice.

## II. Claims Against Nassau County Police

The Court construes Plaintiff's claims against the Nassau County Police Department and John Doe police officers as claims for (1) excessive force and (2) deliberate indifference to medical needs.

The Clerk of Court is respectfully directed to issue a summons as to Defendant Nassau County Police Department, but not as to Defendant Joseph LoPiccolo. Service of process and other pre-trial matters are respectfully referred to the Honorable Arlene R. Lindsay, Magistrate Judge.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 3, 2026
Brooklyn, New York