UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARIUS BURRIS,

Plaintiff,

- against -

NASSAU COUNTY POLICE DEPARTMENT, *et al.*,

Defendants.
-----------------------------------------------------------x

**AMENDED MEMORANDUM & ORDER**
25-CV-4271 (PKC) (ARL)

PAMELA K. CHEN, United States District Judge:

Plaintiff Darius Burris, proceeding *pro se*, has filed an Amended Complaint, (Dkt. 19), in which he describes the factual circumstances underlying his claims against Defendant Nassau County Police Department ("NCPD") and various unidentified police officers in that department. Plaintiff separately brings claims against attorney Joseph LoPiccolo.

## I. Claims Against Defendant LoPiccolo

The Court *sua sponte* dismisses Plaintiff's claims against Defendant Joseph LoPiccolo, whom Plaintiff alleges represented him in "local Criminal Court." (Dkt. 19, at ECF[1] 4.) Plaintiff alleges that Defendant LoPiccolo (1) failed to allow the assistant district attorney to speak directly to Plaintiff about Plaintiff's claims against police officers for excessive force unrelated to the underlying criminal prosecution, (2) "forc[ed]" Plaintiff's "Criminal matter to Trial" and did not seek "the best outcome in the Criminal Case," and (3) "failed to allow" Plaintiff to accept a "Plea of Local-Jail time of a[] Non-Felony plea agreement that was offered to [ ] Plaintiff" at a prior point in the prosecution. (*Id.* at ECF 4–7.)

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Regardless of how Plaintiff styles these objections to his attorney's actions, these are in essence claims for legal malpractice. *See, e.g.*, *Assifuah v. Cohen*, No. 20-CV-5050 (AT), 2022 WL 7049776, at *3 (S.D.N.Y. Oct. 12, 2022) (finding that plaintiff's "causes of action for fraud by concealment and suppression, breach of fiduciary duty, and malpractice all arise out of the same course of conduct and facts—namely, [the defense attorneys'] representation of [p]laintiff in his criminal case" and that these other claims were duplicative of a malpractice claim). However, "[t]o state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, [a p]laintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Id.* Here, Plaintiff has not done so. Neither can Plaintiff bring a claim against his criminal defense attorney Joseph LoPiccolo under 42 U.S.C. § 1983 ("Section 1983") as such private attorneys are not state actors suable under Section 1983. *See Murdock v. Legal Aid Soc'y*, No. 14-CV-0508 (JS) (SIL), 2015 WL 94245, at *2 (E.D.N.Y. Jan. 6, 2015) (concluding that "[p]laintiff's Section 1983 claims against his former defense attorneys fail[ed] as a matter of law because they are not state actors" since "[i]t is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel").

Furthermore, the Court lacks jurisdiction over any state law malpractice claims against LoPiccolo as diversity jurisdiction appears lacking. Plaintiff has not pleaded citizenship of himself or LoPiccolo, but it appears both Plaintiff and LoPiccolo are citizens of New York such that subject-matter jurisdiction under 28 U.S.C. § 1332 is lacking. Neither is the claim sufficiently related to Plaintiff's core federal claims against the Nassau County police officers sufficient to confer subject-matter jurisdiction under 28 U.S.C. § 1367.

Accordingly, the claims against LoPiccolo are dismissed without prejudice.

## II. Claims Against Nassau County Police Department

Plaintiff's Section 1983 claim against the NCPD fails because the NCPD does not have an independent legal identity that can be sued. *See Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing Section 1983 claim brought against a municipal police department because, "under New York law, [such] departments . . . do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued"); *London v. Nassau Cty. Corr. Facility*, No. 20-CV-1991 (JS) (AKT), 2020 WL 5052688, at *3 (E.D.N.Y. Aug. 27, 2020) (dismissing Section 1983 claim against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); *Melendez v. Nassau Cnty.*, No. 10-CV-2516, 2010 WL 3748743, at *5 (E.D.N.Y. Sep. 17, 2010) (dismissing claims against Nassau County Sheriff's Department because it lacks the capacity to be sued). Thus, Plaintiff's Section 1983 claim against the NCPD is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## III. Claims Against Nassau County Police Officers

The Court construes Plaintiff's claims against the John Doe Nassau County police officers as claims for (1) excessive force and (2) deliberate indifference to medical needs. These claims shall proceed.

The Clerk of Court is respectfully directed to serve this Memorandum & Order on the Nassau County Attorney. The Court requests that Nassau County ascertain the full name and service address of these defendants. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam). The Nassau County Attorney is requested to provide the name and addresses where these

defendants can be served to the Court and to the plaintiff within thirty (30) days of the service date of this Memorandum & Order.

Once this information is provided, Plaintiff's Amended Complaint shall be deemed amended to reflect the full name and badge number of these officers, a summons shall issue, and the Court shall direct service on these remaining Defendants. The Nassau County Attorney need not undertake to defend or indemnify these individuals merely because of the issuance of this Memorandum & Order, which provides a means by which Plaintiff may properly serve the remaining Defendants.

**CONCLUSION**

The case is referred to the Honorable Arlene R. Lindsay, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Memorandum & Order issued in error earlier today, November 3, 2026, is hereby vacated pursuant to this Amended Memorandum & Order.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 3, 2026
Brooklyn, New York